## Chicago & Alton Railroad Company v. John Ryan.

1. EVIDENCE—*Where the Question is Close.*—Where the question at issue is a close one upon the facts, it is of the first importance that no incompetent evidence should go to the jury.

2. SAME—*Incompetent in Close Cases.*—In an action for personal injuries, the plaintiff was permitted to testify that while in the defendant's hospital two men, "belonging to the company," requested him to sign a release to the "company," which he refused to do, and that a day later he was notified by the doctor in charge, through one of his assistants, that he could not be kept in the hospital any longer for the company, there was no other evidence showing that the two men "belonged to the company." *Held*, that the effect of this evidence was to show an admission by the company of its liability, and to indicate spite because he refused to sign the release, and in a close case was prejudicial as tending to turn the scale against the defendant.

3. REBUTTAL—*What is Not Competent as.*—Matters which are not proved, but only attempted to be proved, furnish no ground for evidence in rebuttal.

**Memorandum.**—Action for personal injuries. Appeal from a judgment of the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Submitted at the October term, 1894. Reversed and remanded. Opinion filed March 5, 1895.

WM. E. HUGHES, attorney for appellant; WILLIAM BROWN, general solicitor.

DUNCAN & GILBERT, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

For a personal injury received by the appellee by an explosion which took place in the summer of 1889, while he was at work as a hammerer, in the work of rock blasting, upon a railroad cut being made by the appellant through Straut's Hill, a rocky formation in Southern Illinois, he recovered a judgment for $11,000, from which this appeal is prosecuted. The judgment having to be reversed and the cause retried, we purposely abstain from extended comment upon the evidence.

Upon the facts disclosed by the record, and considering what seems to be the weight and preponderance of the evidence, it is a close question whether under the circumstances any recovery for the injury can be sustained, and it was, therefore, of the first importance that no incompetent evidence should have gone to the jury.

It appears that the appellee was taken to a hospital in Jacksonville, which was in the charge of one Doctor William H. King, who testified that he was the appellant's surgeon at that point, and was there kept and treated at the expense of the appellant for some six months. Upon cross-examination the appellee was questioned at considerable length as to how he came to leave the hospital, for the evident purpose of showing that he was discharged therefrom because of getting drunk, in order that the inference might be drawn

that his injuries were aggravated by his habits of drunkenness; but there was an entire failure either by such cross-examination, or by any other evidence to show that he left for any such cause.

Then, upon his re-direct examination, the appellee was allowed, over the objection of appellant, to testify that on the Sunday next preceding the Tuesday upon which he left the hospital, " two men belonging to the company," came to the hospital while he was in bed, and wanted him to sign a release to the company, meaning by " the company " the appellant, which he refused to do; and that twenty-four hours later he was notified by Doctor King, through one of his assistants, that he could not be kept in the hospital any longer for the company, and that he left the hospital on the day after that, because the company would not keep him there any longer.

There was no identification by any witness in the case on either side, of the two men referred to, beyond their description by appellee as young men, and no connection of them with the appellant, in any manner other than by the appellee speaking of them as " belonging to the company."

The effect of such evidence was to show an admission by appellant of its legal liability to the appellee for the injury he had received, and to indicate spite against the appellee because he refused to give a release of such liability; and in a close case its tendency could hardly fail to be prejudicial to the extent, at least, of turning the scale against the appellant.

As original evidence such testimony would clearly have been incompetent, and it could not be made competent on re-direct examination, when the attempt on cross-examination to show something which, if shown, might have made it competent, had been entirely unsuccessful. What is not proved, but only attempted, furnishes no ground for evidence in rebuttal. 2 Phillips' Evid., Cowen & Hill's notes, edition of 1868, side-page, 878; 1 Thompson on Trials, Secs. 480–1.

The judgment of the Circuit Court will be reversed and the cause remanded.